UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT THOMAS BARRY,

    Plaintiff,

v.     Case No. 3:24-CV-615-CCB-MGG

UNITED STATES OF AMERICA,
NATIONAL SECURITY AGENCY,
UNITED STATES MILITARY
INTELLEGENCE, CENTRAL
INTELLENGENCE AGENCY, UNITED
STATES NAVAL INTELLENGENCE, and
PRESIDENT,

    Defendants.

## OPINION AND ORDER

Scott Thomas Barry, a prisoner without a lawyer, filed a complaint and seeks leave to proceed in forma pauperis. ECF 1 and 2. A prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Barry has three strikes:

  1. *Barry v. Guzman Loera*, 1:23-cv-534 (N.D. Ind. filed December 27, 2023), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on February 13, 2024;

  2. *Barry v. English*, 3:24-cv-164 (N.D. Ind. filed February 8, 2024), dismissed pursuant to 28 U.S.C. § 1915A as frivolous on May 31, 2024; and

  3. *Barry v. State of Indiana,* 3:24-cv-467 (N.D. Ind. filed June 6, 2024), dismissed pursuant to 28 U.S.C. § 1915A as malicious on June 10, 2024.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (*quoting* 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this complaint, Barry sues the President of the United States of America, the United States of America, and four intelligence agencies. He alleges he can provide information and recruitment assistance in "Southeast China, Burma, Thailand, Taiwan, and China and have contacts in Ukraine and Russia." ECF 1 at 2. He asks to work with the United States Government and N.A.T.O. because he has "contacts in Burma and China, Hong Kong, and in Japan Tokyo in business and the underworld." *Id.* at 3. He asks that he and others be released from prison to establish home bases in "Carmel, Indiana, and New York, and California, and Florida." *Id.* at 4. He asks to live with his cellmate in a house of his choosing in Carmel, Indiana and in Lafayette, Indiana. *Id.* He says he wants to "start a (can-goods) stores and merchandise stores of all instant foods, drinks and vitamins and water, water flavored sports drinks and energy drinks and a coffee/Wi-Fi shops through Burma and Ukraine, Russia. *Id.* In addition to other things, he asks for $12,000,000,000 in cash, $6,000,000,000 deposited into Perdue Federal Credit Union, and $6,000,000,000 in seized/forfeited property. *Id.* at 5.

This complaint gives no indication that Barry is in imminent danger of serious physical injury. This complaint does not allege the defendants have violated Barry's rights – it merely asks the President to use the National Defense Authorization Act to free him from prison, allow him to work for the United States, and give him enormous sums of money so he can start various businesses. This frivolous complaint does not state a claim.

2

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation marks and citations omitted). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002). *See also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile). *See also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Nevertheless, Barry is required by 28 U.S.C. § 1915(b)(1) to pay the filing fee because he filed this case while he was in prison.

For these reasons, the court:

(1) DENIES the in forma pauperis motion (ECF 2);

(2) DISMISSES this case under 28 U.S.C. § 1915A because it is frivolous;

(3) ORDERS the plaintiff, **Scott Thomas Barry, IDOC # 150047**, to pay (and the facility having custody to automatically remit) to the clerk 20% of the money received for each calendar month during which $10.00 or more is received, until the $405.00 filing fee is paid in full;

(4) DIRECTS the clerk to create a ledger for receipt of these funds; and

(5) DIRECTS the clerk to send a copy of this order to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

August 9, 2024.

                                                           */s/Cristal C. Brisco*
                                               CRISTAL C. BRISCO, JUDGE
                                               UNITED STATES DISTRICT COURT